**BANQUE HYPOTHECAIRE DU CANTON DE GENEVE**

v.

**UNION MINES, INC.**

**Civ. No. S 85–997.**

United States District Court, D. Maryland.

Feb. 4, 1987.

Robert F. Brodegaard, Weil, Gotshal & Manges, New York City, Charles M. Kerr, Venable, Baetjer & Howard, Baltimore, Md., for plaintiff.

Lewis A. Noonberg, Richard E. Dunne, III, Piper & Marbury, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

SMALKIN, District Judge.

The Court has reviewed the plaintiff/counterdefendant's (BCG's) motion in limine to exclude certain evidence as to

damages on the counterclaim, as well as the defendant/counter-plaintiff's (UMI's) opposition thereto.

■ At the outset, I agree with UMI's contention that a motion in limine is not the appropriate procedural vehicle by which to raise these issues. The office of a motion in limine (which is, by the way, not a creature of either the Federal Rules of Evidence or the Federal Rules of Civil Procedure) is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial. *See* Graham, *Handbook of Federal Evidence* § 103.8 (2d ed. 1986) at 31 n. 5. The motion in limine is, in my opinion, *not* a device to narrow or fix the issues to be tried. The Federal Rules of Civil Procedure provide at least three motions designed to narrow or fix the issues for trial—motions to dismiss, for judgment on the pleadings, and for summary judgment—and motions in limine are not among them. This Court, in the interests of orderly pretrial proceedings, routinely fixes deadlines for filing such dispositive motions. This Judge has noticed an increasing tendency for last-minute summary judgment motions (often, like this one, supported by evidentiary material as per Fed. R.Civ.P. 56(e)) to sneak up in limine clothing shortly before trial, after the deadline for orderly filing of summary judgment motions has passed. It is a practice strongly to be discouraged.

■ Nevertheless, in the interests of justice, I have considered the motion as if properly made under Fed.R.Civ.P. 56.[1] As to the issue of consequential damages to UMI incurred from difficulties with the Platoro project after BCG's dishonor of the escrow agreement, I find that there are genuine disputes of material fact as to proximate cause, mitigation, and foreseeability, which the jury will have to resolve, that preclude this Court from withdrawing

---

1. Counterplaintiff has supported its opposition, as if in summary judgment, by a deposition. *See* Fed.R.Civ.P. 56(e).

the issue from the trier of fact under Rule 56 case law, *see, e.g., Anderson v. Liberty, Lobby, Inc.,* —— U.S. ——, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, quite obviously, the Court cannot withdraw the issue of consequential damages from the trier of fact as "irrelevant" under Article IV of the Federal Rules of Evidence pursuant to a motion in limine.

■ With regard, however, to the issue of attorney's fees, the Court finds no genuine dispute of material fact. The entitlement to attorney's fees under the governing substantive law [2] is not automatic, but is dependent upon a remedial provision in the contract expressly creating such entitlement. *See, e.g., Beebe v. Pierce,* 185 Colo. 34, 521 P.2d 1263, 1265 (1974). In this case, the only contractual language mentioning attorney's fees is contained in a BCG telex of April 14, 1984 that set out certain express, enumerated representations and warranties. Among them was a representation that H.J. Pettersson was "duly authorized to execute and deliver the guaranty and the escrow agreement dated April 12, 1984 addressed to and signed by us and by [other parties.]." It is apparently undisputed that the intent of this telex (drafted by UMI's counsel) was to procure an express warranty from BCG as to Pettersson's capacity and authority. That it did. It also gave UMI the following assurance:

> We hereby agree to indemnify and hold you harmless from all loss, costs, damages, and expenses, including attorney's fees, which you may incur as a result of your reliance upon the foregoing representations and warranties.

It is not contended that Pettersson lacked capacity and authority. Rather, it is contended that reference to the escrow agreement as "signed by us" is a sufficient representation to trigger the attorney fee's provision of the telex guaranty as to the issues raised in the counterclaim.

The Court, construing the telex as a matter of law, in the absence of any dispute of material fact, disagrees. The telex's reference to the escrow agreement as "signed by us" was merely incidental to, and descriptive of, the agreement, not intended to make any independent representation, breach of which would engender liability for attorney's fees under the telex. Therefore, BCG is entitled to prevail on the attorney's fee issue.

For the reasons stated, BCG's motion in limine, treated as a motion for partial summary judgment on the counterclaim, is denied as to consequential damages, but granted as to attorney's fees.

SO ORDERED.