**John PLAIR, Plaintiff,**

v.

**E.J. BRACH & SONS, INC. and E.J. Brach Corporation, Defendants.**

**No. 94 C 244.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 31, 1994.

Sharon Finegan Patterson, Lord, Bissell & Brook, Chicago, IL, for plaintiff and John Plair, pro se.

Joel T. Pelz, Kenneth Roy Dolin, Catherine Patricia Wassberg, David K. Haase, and Kathleen Ann McCabe, Jenner & Block, Chicago, IL, for defendants.

### *MEMORANDUM OPINION AND ORDER*

CONLON, District Judge.

John Plair sues E.J. Brach & Sons, Inc. and E.J. Brach Corp. ("Brach") for discriminatory discharge pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Plair contends that Brach fired him after nineteen years' employment because he is African American. Plair now moves *in limine* to bar Brach from introducing evidence that he was arrested and charged with a misdemeanor the night before he was fired.

### *BACKGROUND*

Plair, who is African American, was hired by Brach on July 7, 1973. During the next nineteen years, Plair held several positions with Brach until he was fired effective October 27, 1992. On the night of October 26–27, 1992, Plair left work before the end of his shift—and without punching his time card. According to Plair, he left work early because he was distraught over personal matters regarding his divorce.

Plair claims that after leaving his work area, he met a co-worker named Arco Jefferson in the locker room. Plair asserts that Jefferson asked him to help search for a gold chain that he (Jefferson) had lost in an open area behind the Brach plant. After they changed out of their work clothes, Plair and Jefferson went behind the Brach facility—which Plair describes as dark, weedy, and deserted. At around midnight, Plair and Jefferson were stopped by Chicago police officers who asked what they were doing. Plair responded that he was searching for stones to place under his gutter. The police officers instructed Plair and Jefferson to leave the area.

Shortly thereafter, just after midnight, Plair and Jefferson returned to the same field behind the Brach plant, purportedly to search for Jefferson's gold chain. Security guards from the neighboring 7–Up facility spotted Plair and Jefferson behind the Brach facility, and called the police. In response to the 7–Up guards' call for assistance, the same police officers who had initially encountered Plair and Jefferson arrived on the scene. The police officers again questioned Plair and Jefferson, and this time noticed two cases of Brach's candy lying in the field about 100 yards away. Plair and Jefferson were arrested, placed in custody, and a criminal complaint was filed against them by Brach's security officer. The charges against Plair were subsequently dropped.

When Plair arrived for work on the afternoon of October 27, 1992, he was informed that he was suspended. On October 30, 1992, Plair and several union representatives met with Brach's labor relations manager, John Klepper. On November 3, 1992, Klepper notified Plair that he was dismissed, effective October 27, 1992. In the termination letter, Klepper alluded to the "circumstances surrounding the events of October 27, 1992." However, the stated reason for Plair's dismissal was not his arrest but "walking off the job and/or leaving the work area ... during scheduled working time without authorization from management."

## DISCUSSION

A motion *in limine* to exclude evidence may be granted only if the evidence sought to be excluded is clearly inadmissible for any purpose. *See Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). Thus, in his motion to bar evidence regarding the arrest, the burden is on Plair to establish that the evidence is clearly inadmissible. *Id.* If the motion is denied, it would not follow that the evidence is deemed admissible. Rather, denial of the motion means only that outside the context of trial, the court cannot determine whether the evidence in question is admissible. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir.1989).

Plair moves to bar the introduction of all evidence regarding his arrest. Plair contends that he was fired solely because he left work early and failed to clock out. Thus, Plair reasons that the events outside the Brach facility after he left his work station are irrelevant. Brach responds that Plair was fired not only because he left work before the end of his shift, but also because of aggravating factors, including his arrest. Brach concludes that evidence regarding the events outside the plant after Plair walked off the job is relevant to its claim that Plair was fired for a legitimate, nondiscriminatory reason.

Both parties cite cases in support of their positions. Plair cites several cases for the general proposition that arrests are inadmissible anti-character evidence under Fed. R.Evid. 404(a). Plair also cites *dicta* in *Smith v. General Scanning, Inc.*, 876 F.2d 1315, 1319 (7th Cir.1989), in arguing that in a Title VII case, the question of discrimination must be decided solely with respect to the reason given for discharge. In response, Brach cites cases such as *EEOC v. Chicago Miniature Lamp Works*, 947 F.2d 292, 297 (7th Cir.1991), in maintaining that in a Title VII discrimination inquiry, the employer's state of mind is crucial. Although both parties' contentions have some merit, neither party's position is wholly persuasive.

Plair's reliance on *Smith* is misplaced. In the *Smith* case, the Seventh Circuit held that after-acquired evidence (*i.e.,* evidence of which the employer was unaware when the

employee was fired) was irrelevant to the question of a legitimate reason for discharge. In so holding, the Seventh Circuit did not rule that evidence that may have been considered by an employer although not explicitly given as a reason for discharge was *per se* inadmissible. *See Smith*, 876 F.2d at 1319. It is conceivable that the stated reason for discharge would not tell the whole story. Indeed, the ultimate question in any Title VII action is the actual reason for the plaintiff's discharge—whether it was discriminatory or not. *See St. Mary's Honor Center v. Hicks*, — U.S. —, — – —, 113 S.Ct. 2742, 2747–48, 125 L.Ed.2d 407 (1993). Thus, evidence that an employee was fired for a reason other than the stated basis for discharge may be admissible.

■ Brach's reliance on state of mind evidence is similarly overreaching. Although an employer's state of mind is of central importance in Title VII cases, state of mind evidence that was not instrumental to the termination decision would not be relevant. As Plair convincingly states in his reply brief:

> An employer cannot have it both ways. If it expressly rejects certain evidence as a basis for discharge at the time of discharge, it cannot later invoke that evidence as a justification for discharge once litigation ensues.

Reply at 8. Thus, evidence that suggests a genuine, although unstated, reason for Plair's discharge would not be clearly inadmissible. However, evidence that was not ultimately relied upon in making the discharge decision would be irrelevant and therefore would be inadmissible.

1. **Background Events**

■ Evidence regarding Plair's activities from the time he met Jefferson in the locker room up until (but not including) his arrest is not clearly inadmissible. Brach cites evidence that Klepper considered the suspicious circumstances outside the Brach plant in deciding to fire Plair. *See* Def.Ex. A., ¶¶ 4–5. Klepper met with Plair to discuss the events and he relied on reports and memoranda regarding the circumstances. *Id.* Indeed, the dismissal letter alluded to "the investigation of the circumstances surrounding the events of October 27, in which [Plair was] involved." *See* Complaint, Ex. A. The "events of October 27" clearly include Plair's suspicious behavior behind the Brach plant.

Plair contends that the stated reasons for his dismissal—leaving his work station early and failing to clock out—were pretextual; he argues that employees routinely left early without clocking out. Evidence of the circumstances of the night of October 26–27 may be relevant to Brach's rebuttal to Plair's pretext claim. The evidence may distinguish between Plair's conduct, which resulted in dismissal, and other employees' conduct, which did not. Evidence regarding the events leading up to (but not including) the arrest may be relevant to Brach's state of mind and its stated reason for Plair's discharge. The evidence will not be excluded on Plair's motion *in limine*.

2. **The Arrest**

■ In contrast to evidence concerning the events leading up to Plair's arrest, evidence regarding the cases of candy, the arrest, and the misdemeanor charges must be excluded. Brach claims that the evidence goes to its state of mind when it fired Plair. Brach argues that when it dismissed Plair, it knew that Plair had been arrested and charged with stealing candy. Brach's contention is misleading. Although Klepper knew of Plair's arrest before firing Plair,[1] he ultimately decided *not* to base the termination decision on the arrest. Instead, Plair was discharged simply for "walking off the job and/or leaving the work area or plant . . . without authorization from management." *See* Motion Ex. J. Thus, the fact that Klepper knew of the arrest is immaterial; Klepper had the information at his disposal and nevertheless did not fire Plair for that reason. After rejecting the circumstances around the arrest as a basis for dismissal, Brach cannot belatedly raise the arrest as the reason for Plair's discharge.

---

1. Plair argues that Klepper was not aware of the arrest when he made the termination decision. However, in support of his position, Plair cites out of context one line in Klepper's deposition that is contradicted later on the same page. *See* Motion Ex. I at 341.

Even if the events surrounding the arrest had any marginal relevance, the evidence nevertheless must be excluded as unduly prejudicial. Under Fed.R.Evid. 403, evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. The introduction of evidence of Plair's arrest would create a significant danger of unfair prejudice. If the jury were informed that Plair was arrested on the night before he was fired, it may unfairly conclude that Plair deserved to be fired because of his arrest or because he stole the cases of candy. However, the evidence suggests that Brach considered and rejected the arrest as a basis for Plair's dismissal. Accordingly, evidence of the cases of candy, Plair's arrest, and the charges filed against him must be excluded.

### CONCLUSION

For the foregoing reasons, the motion *in limine* to exclude evidence is granted in part. All evidence regarding the cases of candy in the field, Plair's arrest, and the misdemeanor charges against him are inadmissible. The motion is denied as to Plair's conduct when he left his job site.