**UNITED STATES of America, Plaintiff,**

**v.**

**James RUSIN, Defendant.**

**No. 95 CR 86.**

United States District Court, N.D. Illinois, Eastern Division.

June 14, 1995.

Brian W. Blanchard, Asst. U.S. Atty., Chicago, IL, for plaintiff.

Matthew F. Kennelly, Cotsirilos, Stephenson, Tighe & Streicker, Ltd., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Before the Court is the government's motion *in limine* to prohibit the defendant from presenting a defense of diminished capacity at trial. For the reasons stated herein, this motion is denied.

### Background

Defendant, James Rusin ("Mr. Rusin"), is a real estate broker. Mr. Rusin is charged with two counts of knowingly converting approximately $75,000.00 in property sales proceeds belonging to the U.S. Department of Veterans Affairs in violation of 18 U.S.C. § 641. The transactions which form the basis of the charges took place between April and September, 1990. In the spring of 1995, Dr. James Mazepa ("Dr. Mazepa") conducted a psychological evaluation of Mr. Rusin and concluded that he suffered from Alcohol Withdrawal Induced Mood Disorder with Mixed Features at the time he allegedly committed these crimes.[1] Subsequently, Mr. Rusin gave notice to the government of his intention to introduce expert testimony relat-

---

1. Dr. Mazepa also found that Mr. Rusin's family was moderately to severely dysfunctional, that Mr. Rusin suffered from chronic depression throughout his life, and that alcohol played a significant role in his life beginning at age 16. During the 1980s, Mr. Rusin had three arrests for driving under the influence of alcohol. At age 25, he married a woman who was also a heavy drinker. In 1987, she died from a stroke and liver failure. After her death, Mr. Rusin's drinking increased until March, 1990, when he decided to completely stop drinking and to attend Christ Hospital's outpatient program. The demands of treatment and recovery caused him to experience anxiety, forgetfulness, low self esteem, and hopelessness, which are symptoms characteristic of Alcohol Withdrawal Induced Mood Disorder with Mixed Features.

ing to his mental state at the time of the offense, as required by FED.R.CRIM.P. 12.2(b). The government now moves to preclude Mr. Rusin from presenting a defense of diminished capacity at his trial.

### Discussion

■ A motion *in limine* to exclude evidence should be granted only if the evidence sought to be excluded is clearly inadmissible for any purpose. *Plair v. E.J. Brach & Sons, Inc.,* 864 F.Supp. 67, 69 (N.D.Ill.1994) (citation omitted). If the proffered evidence is not clearly inadmissible, the motion should be denied, or the ruling deferred until trial, "so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F.Supp. 1398, 1400 (N.D.Ill.1993) (citations omitted). A denial of a motion *in limine* is a preliminary decision "subject to change based upon the court's exposure to the evidence at trial." *United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989).

■ Mr. Rusin states that his defense will focus on the inability of the prosecution to prove beyond a reasonable doubt that he possessed the requisite intent to commit the charged offenses. The Seventh Circuit has recognized two types of mental condition defenses:

> The first, sometimes called diminished responsibility, involves cases where the defendant's mental condition completely absolves him or her of criminal responsibility regardless of whether or not [his or her] guilt can be proven. The second, sometimes referred to as diminished capacity, involves cases where the defendant claims only that his [or her] mental condition is such that he or she cannot attain the culpa-

ble state of mind required by the definition of the crime. Unlike diminished responsibility, where the mental condition absolves the defendant of guilt, a successful diminished capacity defense means that the prosecution has not proven the defendant's guilt.

*United States v. Fazzini,* 871 F.2d 635, 641 (7th Cir.) (citations omitted), *cert. denied,* 493 U.S. 982, 110 S.Ct. 517, 107 L.Ed.2d 518 (1989). Therefore, diminished capacity is a viable defense only when specific intent is an element of the charged offense. *Id.; United States v. Reed,* 991 F.2d 399, 400 (7th Cir. 1993); *United States v. Twine,* 853 F.2d 676, 679, 681 (9th Cir.1988).[2]

■ The indictment in this case charges Mr. Rusin with two counts of violating 18 U.S.C. § 641.[3] It is well settled that a conviction under this statute requires proof of specific intent. *See Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); *United States v. Harbour,* 809 F.2d 384, 387 (7th Cir.1987); *United States v. Croft,* 750 F.2d 1354, 1362–63 (7th Cir.1984). To establish a violation of 18 U.S.C. § 641, the government must demonstrate that Mr. Rusin had a "criminal intent to steal or knowingly convert, that is, *wrongfully* to deprive another of possession of property." *Morissette v. United States, supra,* 342 U.S. at 276, 72 S.Ct. at 256 (emphasis in original); *see also United States v. Ribas–Dominicci,* 50 F.3d 76, 80 (1st Cir.1995) (Section 641 does not cover "unwitting, inadvertent, and unintended conversions") (citation omitted); *United States v. Scott,* 789 F.2d 795, 797 (9th Cir.1986) ("inadvertent, negligent or reckless action 'would fail to trigger the criminal prohibitions' of" Section 641) (quotation omitted). Accordingly, diminished capacity is a viable defense in this case.

---

2. Because diminished capacity is not an affirmative defense, but instead negates an element of the offense, it is perhaps more aptly characterized as a rule of evidence rather than as a defense. *See United States v. Pohlot,* 827 F.2d 889, 897 (3d Cir.1987), *cert. denied,* 484 U.S. 1011, 108 S.Ct. 710, 98 L.Ed.2d 660 (1988); *Muench v. Israel,* 715 F.2d 1124, 1143 (7th Cir.1983). However, for convenience and consistency, this opinion will refer to diminished capacity as a defense.

3. This section provides, in pertinent part:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, ... [s]hall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 641.

The government contends that Dr. Mazepa's findings are legally insufficient to support a defense of diminished capacity. Specifically, it argues that Mr. Rusin's alcoholism could not have affected his capacity to understand his behavior because Mr. Rusin admits that he has been sober since March, 1990, and the charged offenses took place in or after April, 1990. Mr. Rusin responds that he is not claiming that he suffered from a diminished capacity directly due to his alcohol abuse. Rather, Dr. Mazepa will testify that, at the time Mr. Rusin allegedly committed the charged offenses, he was suffering from the effects of alcohol withdrawal, including increased anxiety, forgetfulness, low self esteem, and hopelessness. Mr. Rusin claims that this condition adversely affected his attention to his business affairs and contributed to an inadvertent failure to turn over the funds to the government.

Where, as here, intent of the accused is an element of the crime charged, "its existence is a question of fact which must be submitted to the jury." *Morissette v. United States, supra,* 342 U.S. at 274, 72 S.Ct. at 255. Specific intent is determined from all of the facts and circumstances surrounding the events. *Id.* at 276, 72 S.Ct. at 256; *United States v. Twine, supra,* 853 F.2d at 681. It is well settled that psychological evidence which focuses on an accused's mental state at the time of the commission of the crime is admissible to negate specific intent. *United States v. Cameron,* 907 F.2d 1051, 1067 (11th Cir. 1990); *United States v. Twine, supra,* 853 F.2d at 681. At least two Courts of Appeals, including the Seventh Circuit, have held that it is reversible error for a district court to exclude psychological testimony where the evidence is relevant to the defendant's state of mind and the charged offense is a specific intent crime. *See United States v. Staggs,* 553 F.2d 1073, 1076 (7th Cir.1977); *United States v. McBride,* 786 F.2d 45, 49–50 (2d Cir.1986); *cf. United States v. Dwyer,* 539 F.2d 924 (2d Cir.1976).

In the present case, Mr. Rusin seeks to offer Dr. Mazepa's testimony to negate the specific intent necessary to establish a violation of 18 U.S.C. § 641. The government does not argue that Dr. Mazepa is an unreliable or unqualified expert witness, nor does it challenge the substance of his findings at this time. Rather, the government's present objection focuses on the relevance of the testimony to Mr. Rusin's state of mind at the time of the charged offenses. I disagree with the government that Dr. Mazepa's testimony is not relevant to the question of whether Mr. Rusin possessed the requisite intent to commit the crimes. It is conceivable that, due to his mental condition at the time of the alleged offenses, Mr. Rusin failed to turn over these funds inadvertently rather than knowingly. Moreover, I do not believe that the prejudicial effect of the testimony substantially outweighs its probative value because the government will have an opportunity to expose any perceived shortcomings in Dr. Mazepa's testimony on cross examination. To exclude this testimony would unfairly deprive Mr. Rusin of an opportunity to present evidence bearing directly on an essential element of the charged offenses. Accordingly, the government's motion *in limine* to preclude Mr. Rusin from presenting a diminished capacity defense is denied.