**In re Murray Francis HARDESTY, Debtor.**

**Disbursing Agent of the Murray F. Hardesty Estate, Plaintiff,**

v.

**Eric W. Severson, Defendant.**

No. 99–4072–SAC.

Bankruptcy No. 93–41911–11.

Adversary No. 95–7072.

United States District Court, D. Kansas, Topeka Division.

Nov. 3, 1999.

---

R. Patrick Riordan, Bruce J. Woner, Woner, Glenn, Reeder & Girard, Topeka, KS, for plaintiff.

Michael E. Waldeck, Frank Wendt, Niewald, Waldeck & Brown, P.C., Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This matter comes before the court on the defendant Eric Severson's motion in limine to exclude evidence and argument that suggests the plaintiff disbursing agent "is acting on behalf of, or is otherwise acting in the interests of the victims of Murray F. Hardesty's criminal actions," or "is in any way acting on behalf of anyone other than Mr. Hardesty in this proceeding;" and testimony from Hardesty's victims that is not relevant to the determination whether the defendant committed legal malpractice against Hardesty; (Dk. 13) and to preclude any one other than the plaintiff and his counsel from sitting at the counsel table. (Dk. 16).

The plaintiff opposes the motion. (Dk. 15).

## STANDARDS

The purpose of motions in limine is " 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.' " *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir.1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.,* 652 F.Supp. 1400, 1401 (D.Md.1987)). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Plair v. E.J. Brach & Sons, Inc.,* 864 F.Supp. 67, 69 (N.D.Ill.1994). The court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded." *National Union v. L.E. Myers Co. Group,* 937 F.Supp. 276, 287 (S.D.N.Y.1996). In denying a motion in limine, the court is holding that all evidence contemplated by the motion may be admitted at trial. *Koch v. Koch Industries, Inc.,* 2 F.Supp.2d 1385, 1388 (D.Kan.1998). A ruling in limine does not "relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial." *Thweatt v. Ontko,* 814 F.2d 1466, 1470 (10th Cir. 1987) (internal quotation omitted). At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. *Luce v. United States,* 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).

"Relevant evidence" is that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Fed.R.Evid. 401 adv. comm. note. "All relevant evidence is admissible except" when exclusion is called for by the

rules, by the statutes, or by constitutional considerations. Fed.R.Evid. 402. For example, the court may exclude relevant evidence when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.

Because one side or the other will almost always consider a piece of evidence to be prejudicial, courts generally believe the jury is best able to determine the truth when given access to all the relevant admissible evidence. *S.E.C. v. Peters*, 978 F.2d 1162, 1171 (10th Cir.1992). Consequently, Rule 403 sets a standard for exclusion that is "somewhat exacting." *C.A. Associates v. Dow Chemical Co.*, 918 F.2d 1485, 1489 (10th Cir.1990). Rule 403 considerations impacted by the evidence must "substantially outweigh" its probative value. The Tenth Circuit "on numerous occasions" has said that "exclusion of relevant evidence under Rule 403 is an extraordinary remedy to be used sparingly." *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1410 (10th Cir.1988) (citations omitted); *see Joseph v. Terminix Intern. Co.*, 17 F.3d 1282, 1284 (10th Cir.1994). Balancing the probative value of and need for evidence against the competing considerations of Rule 403 is a task for which the trial judge by his position and familiarity with the case is particularly well suited. *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1257 (10th Cir.1988). In weighing the factors under Rule 403, the court should generally " 'give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.' 1 J. Weinstein & M. Burger, *Weinstein's Evidence* ¶ 403[03], at 403–25 to 403–26 (1982)." *K–B Trucking Co. v. Riss Intern. Corp.*, 763 F.2d 1148, 1155 n. 9 (10th Cir. 1985). Finally, a 403 inquiry focuses on whether the evidence results in "unfair prejudice," that is, does the evidence have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R.Evid. 403 adv. comm. note. *See Espeaignnette v. Gene Tierney Co., Inc.*, 43 F.3d 1, 7 (1st Cir.1994) (Undoubtedly, "all evidence is meant to be prejudicial; elsewise, the proponent would be unlikely to offer it.").

## ARGUMENTS

The defendant bases his motion on Rules 401, 402 and 403 of the Federal Rules of Evidence. The defendant correctly observes that the plaintiff's standing for bringing this suit is "as Mr. Hardesty's successor in interest" (Dk. 14, p. 7) and that the plaintiff seeks to recover those damages allegedly sustained by Hardesty as a result of the defendant's legal malpractice. In this case, those damages are measured by the difference between the amount that Hardesty was ordered to pay in criminal restitution or in other civil proceedings and/or suffered in economic harm and the alleged lesser amount that Hardesty could have settled those claims had his attorney, the defendant Severson investigated and negotiated settlements. The defendant contends the jury would be misled and confused if told that the plaintiff was actually bringing this suit as the representative of a group victimized by Hardesty. The defendant believes this evidence would deny him a fair trial on the relevant issues and could unfairly prejudice him by the potential for jury sympathy for Hardesty's victims. The defendant argues the potential for prejudice would be serious if the jury learns the details of Hardesty's wrongful actions against his clients/victims.

In response, the plaintiff explains that it is the committee of unsecured creditors in Hardesty's bankruptcy estate. This committee includes victims of Hardesty's criminal conduct. As the bankruptcy court has held, the disbursing agent is the successor in interest to any legal malpractice claims owned by Hardesty when bankruptcy was filed and is the authorized representative of the bankruptcy estate to bring these claims against Severson. The plaintiff

says the defendant's motion does not seek any evidentiary ruling, and instead, it seeks an affirmative finding from the court that the plaintiff and Murray Hardesty are one and the same for purposes of this suit and that the plaintiff cannot submit any evidence suggesting anything to the contrary. The plaintiff explains that in this action it is not representing Murray Hardesty nor proceeding on Hardesty's benefit. Rather, it is lawfully pursuing claims once held by Hardesty but now held by the committee as the successor-in-interest. The proceeds from these claims filed and litigated would pay the creditors of the estate, and Murray Hardesty would not receive any damages awarded in this action. The damages would go to the bankruptcy estate and then disbursed to the unsecured creditors according to the liquidation plan filed in the bankruptcy case. "The Disbursing Agent is the representative of Murray Hardesty's bankruptcy estate, not Murray Hardesty the individual." (Dk. 15, p. 10). The plaintiff, however, admits that it stands in Hardesty's shoes in prosecuting these claims, is subject to any defenses that Severson could assert against Hardesty, and may recover as damages the harm done to Hardesty as a result of Severson's malpractice. Finally, the plaintiff argues it should be allowed to present witnesses who will testify to Hardesty's criminal actions toward them. The plaintiff insists this testimony is relevant for the following reasons:

> 1) the ability to describe to the jury the justice of their claims in light of Severson's actions; 2) the amount of their claims against Murray Hardesty constitutes the Disbursing Agent's amount of damages for Severson's negligence; and 3) the victim's ability to settle with Murray Hardesty had Severson properly performed his responsibilities in the summer of 1993.

(Dk. 15, p. 10).

## ANALYSIS

■ The defendant's motion does not offer any substantial basis for his requested limine ruling. The court does not share the defendant's apprehension over a jury's ability to understand that the plaintiff is bringing this suit on behalf of Hardesty's bankruptcy estate for the benefit of the creditors to that estate. While standing in Hardesty's shoes in proving the claims of legal malpractice, the plaintiff is not bringing this suit on behalf of Murray Hardesty, the individual. Proper instructions should minimize the potential for jury confusion over who is bringing this suit and who is benefitting from this suit. The court encourages the parties to submit their proposed instructions on this matter.

The court is concerned that without this information the jury could be confused by some of the evidence in this case. For example, among the plethora [1] of defendant's factual contentions included in the pretrial order, the defendant alleges that Hardesty believes the plaintiff's allegations of Severson's malpractice are "ridiculous," "not truthful," "ludicrous," and "without substance." The defendant likewise includes Hardesty's opinions that Severson "was not negligent" and "did a good job," that there was no conflict of interest, and that "[t]he filing of this action against Mr. Severson is absolutely unbelievable." The defendant refers to Hardesty's sworn statement that the plaintiff's allegation that he suffered damages as a result of Severson's representation is "a figment of his [plaintiff's] imagination." If not told about the plaintiff's unique position in prosecuting this suit, the jury could be seriously confused over how and why this suit could be pursued against Hardesty's apparent wishes.

■ In denying the defendant's motion in limine, the court is not ruling that the plaintiff may introduce all evidence regarding instances of Hardesty's criminal conduct and/or legal malpractice against victims interested in the outcome of this

---

1. The defendant's factual contentions number     one hundred and twenty separate paragraphs.

litigation. The claims of legal malpractice made against the defendant Severson are sufficiently complex that a jury could become confused or have difficulty separating evidence concerning these claims from the evidence regarding Hardesty's actions taken against his clients. Of the three reasons given by the plaintiff in arguing relevance, the first two appear insubstantial under the claims as presently briefed and explained, but the last reason does offer a stronger argument for relevance. Any ruling in this regard will be reserved for trial, when the court is better situated to assess the value and utility of the evidence being offered. Finally, the court will permit a representative of the unsecured creditors committee to sit at the plaintiff's table during trial subject to the court's limitation against rotating representatives that circumvent any sequestration order.

IT IS THEREFORE ORDERED that the defendant's motion in limine (Dk. 13) is denied.