**Dawn CHURNEY, Plaintiff,**

v.

**VILLAGE OF DOWNERS GROVE,
and Eagle Food Centers, Inc.,
Defendants.**

**No. 98 C 8312.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 6, 2000.

Thomas C. Crooks, Chicago, IL, for Plaintiff.

Enza L. Petrarca, Village of Downers Grove, Downers Grove, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Dawn Churney sued her former employer, the Village of Downers Grove (the "Village"), alleging it retaliated against her for filing a sex discrimination charge by giving false information to her then-employer, Eagle Foods,[1] which resulted in her termination. The parties

---

1. Eagle Food Centers, Inc. has settled with Ms. Churney and is no longer a party to this case.

make a number of motions in limine, which I rule on below.

■ I grant motions in limine to exclude evidence only if the evidence sought to be excluded is clearly inadmissible for any purpose. *Plair v. E.J. Brach & Sons, Inc.,* 864 F.Supp. 67, 69 (N.D.Ill.1994). Otherwise, I defer evidentiary issues until they arise at trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F.Supp. 1398, 1400–01 (N.D.Ill.1993).

### 1996 Tax Reporting and Tax Return

Ms. Churney moves to prohibit the admission of, and any reference to, her 1996 tax return, which the Village has listed as an exhibit in its pretrial order. In response, the Village agrees not to introduce Ms. Churney's tax return to establish that she did not report income received from her employment at Eagle Foods, but seeks to reserve the right to admit her tax return should the information become relevant for another purpose. However, motions in limine are not the proper forum for such hypotheticals. I agree that the tax reporting and returns of Ms. Churney are irrelevant and likely prejudicial, so the plaintiff's motion is granted.

### 1994 Discrimination Charge

■ Both parties seek to exclude certain information regarding the plaintiff's 1994 sex discrimination charge filed against the Village. Ms. Churney wants to exclude the fact that the charge was dismissed by the Illinois Department of Human Rights, while the Village seeks to exclude all evidence and testimony regarding the allegations made in this charge. The Village wants to stipulate that the discrimination charge was filed and later dismissed for lack of substantial evidence. However, the Village cannot have it both ways, and, for that matter, neither can Ms. Churney. She contends that the Village may raise the defense of a bad faith filing, and she therefore wants to introduce sufficient evidence surrounding the circumstances of her charge to show it was filed in good faith. *See Sweeney v. West,* 149 F.3d 550, 554 (7th Cir.1998)(Title VII protects employees from retaliation for good-faith complaints of discrimination). The Village has shown no intent to challenge her good faith filing—nor is it clear that they could now do so,[2] but should it raise this issue, I will reconsider whether all evidence underlying the charge should also be admitted. Until that time, however, both parties' motions are granted. As the defendant states in its motion, "the only relevant aspect of the 1994 charge of discrimination is the fact that it was filed." That is, therefore, the only evidence that should be admitted.

### Litigation Involving the Village and Chief Graves

The Village seeks to bar any reference to: (1) lawsuits or discrimination charges filed against it, including the lawsuits of Lee Hahn and Janice Michowski, and (2) former police Chief George Graves' resignation from the Village. The Village claims this information is prejudicial and irrelevant to the merits of this case. Ms. Churney claims that some of the above is relevant to the potential bias of the key witness in this case.

Ms. Churney's discrimination charge against the Village names Chief Graves, who fired her from her position at the Village, as a perpetrator. Furthermore, Ms. Churney alleges that because of her discrimination charge against him, Chief Graves retaliated against her while she

---

**2.** Rule 8(c) requires a defendant to plead affirmative defenses in its answer to the complaint, and the failure to do so risks a finding that the defense has been waived. *See, e.g., Venters v. City of Delphi,* 123 F.3d 956, 967 (7th Cir.1997)(statute of limitations defense waived where defendant did not mention defense until summary judgment reply brief); *Yohannan v. Patla,* 971 F.Supp. 323, 326 (N.D.Ill.1997) (defendants waived res judicata defense by failing to include it in their answer).

was employed at Eagle Foods by making false statements to the Eagle Foods loss prevention director, who then fired her. Chief Graves denies this series of events, so his testimony is critical to her case as well as the Village's defense. Ms. Churney claims Chief Graves was asked to resign as a result of Sergeant Hahn's lawsuit, later settled, but he resigned only after he negotiated a financial package and settlement agreement with the Village which included a release of his claims against it. Therefore, Ms. Churney claims that evidence regarding Sgt. Hahn's lawsuit and its aftermath is relevant to the credibility of Chief Graves' deposition testimony. Specifically, Ms. Churney seeks to cross-examine Chief Graves about the timing of settlement negotiations and their possible effect his testimony in this case.

■ I agree that other sex discrimination claims are not probative as to whether Chief Graves and the Village retaliated against Ms. Churney because she filed a discrimination charge. However, this evidence may be relevant to the jury's determination of what weight to give the testimony of Chief Graves. Therefore, evidence that Chief Graves was in negotiations with his employers regarding resolution of his employment and pending litigation is relevant. Chief Graves' credibility is at issue, and the jury is entitled to information which might reveal a motive to produce favorable testimony to the Village during his deposition. However, the details of this lawsuit may be prejudicial. Therefore, I will permit cross examination of Chief Graves that a lawsuit was filed against the Village, that his resignation was a result of the ⃰lawsuit, that during his deposition, he was involved in settlement negotiations with the Village, and oral testimony as to the substance of the agreements.[3] However, the settlement agreements themselves will not be introduced as evidence.

*Conclusion*

The plaintiff's motions to bar the defendant from admitting evidence or eliciting testimony regarding her 1996 tax return or the merits of her 1994 sex discrimination charge is GRANTED. The defendant's motion to preclude evidence regarding the allegations contained in the 1994 discrimination charge is similarly GRANTED. The jury can consider evidence sufficient to show that Ms. Churney's discrimination charge was filed against the Village but not the specifics or final disposition of the charge. The defendant's motion to bar the introduction of evidence regarding lawsuits or discrimination charges filed against the Village and Chief Graves' resignation is GRANTED in part and DENIED in part. Ms. Churney may cross examine Chief Graves regarding Sgt. Hahn's lawsuit and his resignation for the limited purpose of raising his possible bias as a witness.

---

3. Although Rule 408 provides that evidence of settlement offers or statements made during settlement negotiations are inadmissible to prove liability, such evidence may be offered for other purposes, "such as proving bias or prejudice of a witness."