Clarence JOHNS, Plaintiff,

v.

THE VILLAGE OF SAUK VILLAGE d/b/a the Sauk Village Police Dept., Defendants.

No. 98 C 4902.

United States District Court,
N.D. Illinois,
Eastern Division.

May 17, 2000.

Edward Clancy, Winston & Strawn, Chicago, IL, Andrew W. Levenfeld, Andrew W. Levenfeld & Assoc., Chicago, IL, for Plaintiff.

Thomas G. DiCianni, Ancel, Glink, Diamond, Bush, DiCianni & Rolek, P.C., Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Clarence Johns was a reserve police officer for the Village of Sauk Village (the "Village"). After Mr. Johns failed a polygraph examination and received a "2" out of "5" on a psychological examination administered by the Public Personnel Institute, he was removed from the eligible list for appointment as a full-time sworn police officer and terminated from his reserve position. He then sued the Village for violating Title VII and 42 U.S.C. § 1983. In connection with the upcoming trial of this action, the Village has filed a number of motions in limine.

■ I grant motions in limine to exclude evidence only if the evidence sought to be excluded is clearly inadmissible for any purpose. *Plair v. E.J. Brach & Sons, Inc.*, 864 F.Supp. 67, 69 (N.D.Ill.1994). Otherwise, I defer evidentiary issues until they arise at trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400–01 (N.D.Ill.1993). I rule on the Village's specifically numbered motions in limine below.

### I. Racial Remarks Made by Village Employees

In the plaintiff's trial brief included in the pretrial order, Mr. Johns alleges an indirect case of racial discrimination and also announces his intent to introduce direct evidence of derogatory racial statements made by the former Chief of Police and the Commissioner of the Fire and Police Commission regarding "African–Americans and the unlikelihood of their becoming full-time Sauk Village police officers."

■ The Village seeks to exclude any evidence or reference to racially derogatory statements made by Village employees as irrelevant and prejudicial. The Village claims that no evidence of any such evi-

dence was disclosed during discovery, and the plaintiff denied ever being subjected to such conduct in his deposition. The Village asserts that the remarks were "stray" and that as such cannot give rise to an inference of discrimination, even when uttered by the ultimate decisionmaker. This is not altogether accurate. A decisionmaker's stray stereotyped remark may be direct evidence of discriminatory intent if it is causally related to the employment decision at issue. Additionally, the Seventh Circuit has held that a stray remark by a decision-maker which was unrelated to the disputed employment action may be relevant to the question of pretext, even though it did not constitute direct evidence of discriminatory intent. *Huff v. UARCO, Inc.*, 122 F.3d 374, 385 (7th Cir.1997).

■ When considering the admissibility of race-based statements, I first determine whether they might be probative of discriminatory bias and thus properly considered by a jury along with all other evidence in context. I then examine whether the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

■ Statements by the Chief and Commissioner of Police that African-Americans are unlikely to make the police force may well be direct evidence of discrimination, in which case it is of course admissible. However, because I have been provided no details as to who said what to whom and in what context, I cannot decide at this juncture whether the remarks constitute direct evidence, would be useful to determine potential bias in an indirect case, or are inadmissible. I therefore deny the Village's motion.

## II. *Evidence of Lost Wages*

■ The Village also requests that I bar any wage-based claim because Mr. Johns did not produce his income tax returns for the years 1995 through 1998. Mr. Johns does not deny that he has failed to produce these returns, nor does he offer a reason why they were not produced. His only explanation is apparently that since his termination from the Village Police Department, substantially all of his income has been earned from his other employment at the Village. Thus, he alleges that the Village has ready access to his income during this period. He also points out that he does not have a claim for lost wages. Parties to litigation generally do not get to pick and choose which of their opponent's discovery requests they deem relevant and will respond to. However, the Village did not move to compel the production of these documents pursuant to Federal Rule of Civil Procedure 37, so its motion is denied.

## III. *Evidence of the African–American Population of Sauk Village*

■ The Village seeks to bar Mr. Johns from introducing evidence of the African–American population of the Village as inadmissible under Fed. R. Evid. 402 and 403 because this is a disparate treatment, not a disparate impact, case. Mr. Johns claims that this evidence is relevant as pattern or practice evidence of discrimination to prove his prima facie case. Presumably, the pattern and practice to which Mr. Johns is referring is the psychological and polygraph tests administered to potential full-time police officers which he alleges is subjective and discriminatory.

■ Statistical evidence of disparities between minority representation in an employer's work force and minority representation in the community from which employees are hired may help prove disparate treatment in a pattern or practice case, but such a pattern or practice is shown through a combination of statistical evidence demonstrating substantial disparities buttressed by evidence of general policies or specific instances of discrimination. *Hazelwood School Dist. v. United States*, 433 U.S. 299, 307, 97 S.Ct. 2736, 53 L.Ed.2d 768 (1977). Moreover, the "evidence" proffered by Mr. Johns falls short of what is required in the Seventh Circuit.

*Plair v. E .J. Brach & Sons, Inc.,* 105 F.3d 343, 349 (7th Cir.1997) (statistical evidence, alone, seldom establishes a case for disparate treatment). Testimony by a municipality's officials regarding its population may not be reliable and is irrelevant unless clearly tied to Mr. Johns' disparate treatment case. *See King v. General Elec. Co.,* 960 F.2d 617, 627 (7th Cir.1992) (straight percentage comparisons not statistically significant). The statistical evidence must be of the kind and degree sufficient to raise an inference of intentional discrimination. *See Goetz v. Farm Credit Serv.,* 927 F.2d 398, 405 (8th Cir. 1991); *see also Segar v. Smith,* 738 F.2d 1249, 1274 (D.C.Cir.1984). Mr. Johns offers a statistic, not a statistical analysis of the stringent type and methodology required by the Seventh Circuit. Mr. Johns does not present the percentage of actual or potentially qualified African–American applicants in the Village. Had Mr. Johns provided demographic statistics of the applicant pool, the test results, or something of the sort, he might have an argument. However, given the lack of any information to tie to the demographics of the general population of the Village, the evidence is irrelevant and confusing, so it will be excluded.

### IV. *Other EEOC Claims Against the Village* & V. *Evidence that Former Police Chief Crafton was Indicted*

The Village's unopposed motions to exclude evidence of or reference to other EEOC cases handled by plaintiff's attorney and evidence of Former Chief Crafton's excessive force indictment are GRANTED as unopposed.

### Summary

I DENY the Village's motion in limine to exclude all race-based remarks by Village employees (I), and its motion to bar all wage-based claims by Mr. Johns (II). The Village's motions in limine to preclude evidence of the population of the Village's demographics (III), reference to plaintiff's counsel's other cases (IV), and Chief Crafton's indictment (V) are GRANTED.