**UNITED STATES of America,**

v.

**Jose Ramon PAREDES, Defendant.**

**No. S2 99 CR. 290(PKL).**

United States District Court,
S.D. New York.

Nov. 27, 2001.

Cheryl Krause, Assistant United States Attorney, Mary Jo White, United States Attorney, New York City, for plaintiff.

Erika P. McDaniel, Brooklyn, NY, John Byrnes, Federal Defender Services Unit, New York City, Lloyd Epstein, Epstein & Weil, New York City, for defendant.

## MEMORANDUM ORDER

LEISURE, District Judge.

The government charges the defendant, Jose Ramon Paredes, with two conspiracies, the first of which involves possession with intent to distribute cocaine, heroin, and marijuana, and the second involving the import and export of those same drugs.[1] The government moves, *in limine*, to admit evidence of: (1) the defendant's conviction in Canada for narcotics offenses, and a related parole violation, (2) the defendant's alleged attempts to smuggle aliens from Canada into the United States, and (3) the arrest of Gregory Charles and Francisco Paredes, who were allegedly transporting narcotics for the defendant at the time of their arrest. For the reasons set forth below, the government's motion to introduce evidence of the defendant's alleged attempts to smuggle aliens from Canada into the United States, and

---

1. Although a Grand Jury returned an eight count indictment against Paredes. Miriam Baer, Esq., the Assistant United States Attorney in charge of the prosecution of this case for the government, has indicated to the Court that the government intends to bring only two counts, both for conspiracy, during the prosecution of this case. *See* Indictment of Jose Ramon Paredes. November 6, 2001 (charging Paredes with eight counts involving narcotics and conspiracy offenses).

the government's motion to introduce the arrest of Gregory Charles and Francisco Paredes are granted, while the government's motion to introduce evidence of Jose Ramon Paredes's Canadian conviction and parole violation is denied at this time.

## BACKGROUND

The indictment alleges that from at least in or about November 1997, up to and including on or about June 23, 1999, in the Southern District of New York and elsewhere, Jose Ramon Paredes and others conspired with the intent to distribute marijuana, cocaine, and heroin. *See* Indictment of Jose Ramon Paredes, November 6, 2001 ("Paredes Indictment"), at Count One. Furthermore, it is alleged that during that same time period Paredes engaged in a conspiracy to import heroin and marijuana into the U.S. from Canada and to export cocaine from the U.S. *See* Paredes Indictment at Count Five.

At trial, the government has indicated that it will offer the testimony of two cooperating witnesses, Virgilio Gonzalez and Carly Charles, who will testify that they were part of the defendant's alleged drug organization, and that they transported cocaine, heroin, and marijuana between the United States and Canada. *See* Government's Motion *in Limine* Regarding Defendant's Other Crimes, November 13, 2001 ("Other Crimes Motion"), at p. 1–2. The government also plans to offer into evidence tapes of Paredes's conversations with either one, or both, of the government's cooperating witnesses. *See* Other Crimes Motion at p. 1.

## DISCUSSION

### I. Motions *in Limine*

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (noting that although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir.1996); *National Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F.Supp. 276, 283 (S.D.N.Y.1996). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Noble v. Sheahan*, 116 F.Supp.2d 966, 969 (N.D.Ill.2000); *see also Baxter Diagnostics, Inc. v. Novatek Medical, Inc.*, No. 94 Civ. 5520, 1998 WL 665138, at * 3 (S.D.N.Y. Sept.25, 1998) (denying a motion *in limine* to preclude presentation of evidence regarding a potential punitive damages claim because the motion was too sweeping in scope to be considered prior to trial). Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *See National Union Fire Ins. Co.*, 937 F.Supp. at 287 (citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993)). Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer." *Luce*, 469 U.S. at 41, 105 S.Ct. 460.

### II. The Defendant's Canadian Narcotics Conviction and Parole Violation

The government seeks to prove, through cooperator testimony and taped conversations between Jose Ramon Paredes and at least one of the cooperating witnesses, that Paredes was convicted of conspiring to traffic in narcotics, and narcotic trafficking, in June of 1993 in Toronto, Canada,

and was sentenced to 9 years of imprisonment. *See* Other Crimes Motion at p. 2, 4. The government also seeks to show that Paredes was released on parole after serving only three years of his sentence, but violated his term of parole in 1998, resulting in suspension of his parole and a four month term of imprisonment from August 24, 1998 up to and including December 18, 1998. *See id.*

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

■■■ Although evidence of other crimes is not admissible to show "action in conformity therewith," the Second Circuit has found such evidence admissible for a variety of other purposes. *See United States v. Pascarella,* 84 F.3d 61, 69 (2d Cir.1996); *United States v. Inserra,* 34 F.3d 83, 89 (2d Cir.1994). Indeed, the Second Circuit follows an inclusionary approach under Fed.R.Evid. 404(b), admitting evidence "unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial under Fed.R.Evid. 403 or not relevant under Fed.R.Evid. 402." *Pascarella,* 84 F.3d at 69.

■■■ It is well settled that evidence of other crimes may be used to show a person's knowledge or intent. *See United States v. Bok,* 156 F.3d 157, 165–66 (2d

Cir.1998) (allowing the admission of the defendant's tax paying record in order to prove his intent to commit income tax evasion); *United States v. Clemente,* 22 F.3d 477, 482–83 (2d Cir.1994) (similar act evidence admissible on issues of knowledge and intent). In the criminal context, intent is the state of mind that negatives a defendant's innocent explanation for his actions, such as accident or inadvertence. Thus, other crimes evidence offered to prove the defendant's knowledge or intent may be admitted only after the defendant has asserted a state of mind defense putting knowledge and intent at issue.[2] *See Riverwoods Chappaqua Corp. v. Marine Midland Bank,* 30 F.3d 339, 345–46 (2d Cir.1994) (finding intent at issue after the defendant asserted in its answer and opening statement that it had no intent to extort); *United States v. Myerson,* 18 F.3d 153, 166 (2d Cir.1994) (holding similar acts by the defendant admissible when the defendant asserted a state of mind defense); *United States v. Greo,* No. 85 Cr. 961, 1994 WL 202605, at *2 (S.D.N.Y. May 24, 1994) (Keenan, J.) (concluding similar act evidence is admissible when a defendant claims that he was merely present, and did not participate in, criminal activity).

■■■ Other crimes evidence may also be used to complete the story of the crimes charged. *See e.g., United States v. Williams,* 205 F.3d 23, 33 (2d Cir.), *cert. denied* 531 U.S. 885, 121 S.Ct. 203, 148 L.Ed.2d 142 (2000): *United States v. Araujo,* 79 F.3d 7, 8 (2d Cir.1996); *United States v. Pipola,* 83 F.3d 556, 566 (2d Cir.1996). The Second Circuit has afforded significant leeway regarding such evidence in conspiracy cases. In *United States v. Williams,* the Second Circuit

---

**2.** The government's written submission appears to concede this point, noting that Paredes's other crimes evidence would be admissible to show his state of mind only if Paredes denied, during the trial, the knowledge or intent to commit the crimes charged. *See* Other Crimes Motion at p. 5.

opined that the defendant's prior criminal conduct was relevant "to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." 205 F.3d at 33 (quoting *United States v. Pitre,* 960 F.2d 1112, 1119 (2d Cir.1992)).

■ In the present case, the government argues that Paredes's Canadian conviction and his parole violation should be admitted under Fed.R.Evid. 404(b) because the evidence is offered to show the defendant's reluctance to travel to the United States to meet with Virgilio Gonzalez, thereby helping to complete the story of the crimes charged. *See* Other Crimes Motion at p. 5. Based on the record adduced thus far, and keeping in mind the considerations of unfair prejudice as dictated by Fed.R.Evid. 403, the Court is not yet convinced that Paredes's prior conviction and his parole violation help complete the story of the crimes charged. *See supra* Part I (noting that trial courts often defer regarding motions *in limine* until trial, when the factual record is more fully developed). Although the Court has some idea of the outlines of the "story," in order to prevail under Fed.R.Evid. 404(b) on this basis, the government will have to better show the significance of the proffered evidence to the background of the conspiracy alleged.

■ The government also argues that Paredes's Canadian conviction and parole violation should be admitted if the defendant, during the course of the trial, denies either the knowledge or intent to commit the crimes charged. *See* Other Crimes Motion at p. 5. Because the defendant has not yet put his intent or knowledge at issue, the Court denies admission of the evidence on this basis as well. Therefore, at this time, the Court denies the government's motion to admit evidence of the defendant's Canadian conviction, and his parole violation.

### III. Evidence the Defendant Sought to Smuggle Aliens into the United States

The government has indicated that it will seek to elicit testimony from cooperating witness Carly Charles that Jose Ramon Paredes sought to enlist Charles, who is Native American, in his alleged drug organization in part because Charles knew people who could smuggle drugs from Canada into the United States without detection. *See* Other Crimes Motion at p. 5–6. Further, the government plans to elicit testimony from Charles that Paredes paid her to arrange for one of Paredes's associates to cross the Canadian border into the United States via the Akwesasne Reservation. *See id.*

■ The government argues that this evidence should be admitted under Fed.R.Evid. 404(b) because it helps explain the basis for the co-conspirator's relationship of trust. *See id.* at p. 6. The Second Circuit has recognized that other crimes evidence may be used to "help the jury understand the basis for the co-conspirators' relationship of mutual trust." *United States v. Pipola,* 83 F.3d 556, 566 (2d Cir.1996) (citation omitted); *see United States v. Araujo,* 79 F.3d 7, 8 (2d Cir. 1996). Counsel for the defendant attempts to differentiate *Pipola,* the case the government relies on regarding this issue, from the facts presented in this case. *See* Defendant's Opposition to the Government's Motions *in Limine,* November 19, 2001 ("Defendant's Opposition"), at p. 2. The Second Circuit has made clear, however, that other crimes evidence is admissible to show a relationship of trust—the very purpose for which the government offers this evidence. *See Araujo,* 79 F.3d

at 8 (holding that evidence of an earlier illicit courier delivery by a government witness for the defendant was admissible to show the relationship of trust between the witness and the defendant in a case charging the defendant with conspiracy with intent to distribute cocaine); *see also United States v. Rosa*, 11 F.3d 315, 334, (2d Cir.1993) (concluding that the Second Circuit has repeatedly held that it is within the trial court's discretion to admit evidence of prior acts "to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between co-conspirators").

 The defendant also objects to the admission of evidence of the defendant's alleged alien smuggling on Fed. R.Evid. 401 and Fed.R.Evid. 403 grounds. *See* Defendant's Opposition at p. 2. Certainly the proffered evidence is relevant; it helps explain the relationship between Carly Charles and Paredes. *See* Fed. R.Evid. 401 (defining relevant evidence as evidence having any tendency to make a fact of consequence to the determination of the action more or less probable than without the evidence); *United States v. Cusack*, 229 F.3d 344, 347–48 (2d Cir.2000). Further, the Second Circuit has held that admission of evidence of other crimes that are less serious than the underlying crimes charged does not violate Fed.R.Evid. 403, provided a limiting instruction is given with the evidence of the other crimes. *See United States v. Williams*, 205 F.3d 23, 34 (2d Cir.) (McLaughlin, J.), *cert. denied* 531

U.S. 885, 121 S.Ct. 203, 148 L.Ed.2d 142 (2000); *United States v. Livoti*, 196 F.3d 322, 326 (2d Cir.1999). Therefore, because the Court finds that evidence of Paredes's alleged alien smuggling is probative and not unfairly prejudicial, the government's motion regarding this evidence is granted. The Court will give a limiting instruction regarding the evidence at the time of its admission.

## IV. The Arrest of Gregory Charles and Francisco Paredes

 The government seeks to introduce evidence that Gregory Charles and Francisco Paredes, the defendant's nephew, were arrested in May 1998, in North Hudson, New York, while driving from Canada, and that 300 grams of heroin were found in the car at the time of their arrest. *See* Government's Motion in Limine Regarding Gregory Charles's Arrest, November 13, 2001 ("Motion Regarding Charles's Arrest"), at p. 1–2. The government also seeks to present evidence that Gregory Charles was smuggling the heroin on behalf of the defendant, and plans to enter the 300 grams of heroin found in Charles's car into evidence. *See id.* at p. 2. The defendant objects on Fed.R.Evid. 403 grounds.[3] *See* Defendant's Opposition at p. 3.

 The evidence proffered here is relevant because it tends to show that the defendant paid others to transport drugs between the United States and Canada, an issue which is central to the case. *See* Fed.R.Evid. 401; *Cusack*, 229 F.3d at 347–

---

**3.** The defendant has not objected to this evidence under Fed.R.Evid. 404(b) as other crimes evidence even though the evidence proffered is not mentioned in the indictment, and appears to be an act in furtherance of the alleged conspiracy. Even if the defendant had raised such an objection, however, it would be to no avail, because "the Government may offer proof of acts not included within the indictment, as long as they are within the scope of the conspiracy." *United States v. Thai*, 29 F.3d 785, 812 (2d Cir.1994), quoting *United States v. Bagaric*, 706 F.2d 42, 64 (2d Cir.1983). Such acts are not "other crimes" within the meaning of Fed.R.Evid. 404(b), but rather "part of the very act charged." *United States v. Concepcion*, 983 F.2d 369, 392 (2d Cir.1992).

48. However, even relevant evidence may be held inadmissible, if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed.R.Evid. 403 (excluding relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury"). The Advisory Committee Note to Fed.R.Evid. 403 explains that unfair prejudice is an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See Tome v. United States,* 513 U.S. 150, 160, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995) (holding that the Advisory Committee Notes are a helpful guide for interpreting the Federal Rules of Evidence).

The defendant argues that introduction of this evidence would be unfairly prejudicial because it might lead the jury to speculate, based on the fact that Francisco Paredes was arrested along with Gregory Charles, that the defendant was involved in the crime simply because of his familial relationship with Francisco Paredes. *See* Defendant's Opposition at p. 3. However, the fact that the defendant's nephew was in the car with Gregory Charles at the time of arrest makes it more probable that there was a relationship of trust between the defendant and Gregory Charles. Although introduction of information regarding the arrest of Gregory Charles and Francisco Paredes would be prejudicial to the defendant, the Court finds that it would not be unfairly prejudicial. *See United States v. Gelzer,* 50 F.3d 1133, 1139 (2d Cir.1995) (noting that generally, "any proof highly probative of guilt is prejudicial to the defendant"); *see also Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 151 (2d Cir.1997) (holding that the unfair prejudice contemplated by Fed.R.Evid. 403 involves some adverse effect beyond tending to prove the fact or issue that justifies admission of the evidence). Therefore, the Court grants the government's motion to introduce evidence of the arrest of Gregory Charles and Francisco Paredes in May, 1998. The Court invites counsel to provide proposed limiting instructions for submission to the jury with respect to the considerations discussed herein. *See, e.g., United States Football League v. NFL,* 842 F.2d 1335, 1370–71 & n. 23 (2d Cir.1988).

### CONCLUSION

For the reasons set forth above, the government's motion to introduce evidence of the defendant's alleged attempts to smuggle aliens from Canada into the United States and the government's motion to introduce the arrest of Gregory Charles and Francisco Paredes are granted, while the government's motion to introduce evidence of Paredes's Canadian conviction and parole violation is denied at this time.

**SO ORDERED**