**Yaakov SPRITZER, Plaintiff–Appellant,**

**Machne Menachem Inc., Plaintiff–Counter–Defendant,**

v.

**Meir HERSHKOP, Aaron (Lelli) Hershkop, Shneur (Gadi) Hershkop, Levi Hartman, Mendel Hershkop, and Yosef Goldman, Defendnants–Counter–Claimants,**

**Shmuel Heber, Defendant–Counter–Claimant–Appellee.**

No. 03–7266.

United States Court of Appeals, Second Circuit.

Aug. 6, 2004.

Yaakov Spritzer, Brooklyn, NY, for Plaintiff–Appellant, pro se.

Shmuel Heber, Brooklyn, NY, for Defendant–Counter–Claimant–Appellee, pro se.

Present: POOLER, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

The instant case concerns a dispute over the ownership and control of Machne Menachem, Inc. ("Machne"), a New York not-for-profit corporation. Yaakov Spritzer, in his own behalf and purportedly on behalf of Machne, filed a complaint alleging that the defendants had illegally removed him from Machne's board of directors. Federal jurisdiction was based upon the assertion of claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.* The complaint also asserted a variety of common law claims.

Spritzer appeals from the order of the U.S. District Court for the Eastern District of New York, entered February 11, 2003 ("the February 11th order"), which, with Spritzer's consent, granted Machne's motion to dismiss with prejudice the federal law claims and declining to exercise supplemental jurisdiction over the common law claims. In fact, Spritzer raises no real challenge to this final order. Rather, he attempts to appeal from the district court's findings of fact and conclusions of law, dated October 18, 2002 ("the October 18th order"). Both parties to the instant appeal have moved to strike each others' briefs, which motions are denied.

In the October 18th order, the district court determined *only* that defendants Mendel Hershkop, Shmuel Heber, and Yosef Goldman were currently members of Machne's board of directors. The October 18th order did not actually or effectively dispose of Spritzer's RICO claims. Indeed, at oral argument, Spritzer insisted

that his RICO claims survived the October 18th order and that his consent to the February 11th order was a product of factors unrelated to the October 18th order. Under these circumstances, we lack jurisdiction to entertain this appeal. *See Palmieri v. Defaria,* 88 F.3d 136, 139–140 (2d Cir.1996).

Accordingly, this appeal is hereby DISMISSED.