SUMMARY ORDER

Plaintiff-Appellant Kevin Redd, pro se and incarcerated, appeals from the judgment of the United States District Court for the Northern District of New York (Kahn, J.), dismissing his complaint for failure to effectuate service and denying his motion to compel discovery. We assume the parties’ familiarity with the facts and procedural history.
We review dismissals for failure to prosecute and failure to serve process for abuse of discretion. See Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir.2002); Palmieri v. Defaria, 88 F.3d 136, 140 (2d Cir.1996). The record demonstrates that Appellant failed to comply with Rule 4(m)’s 120-day service requirement. The district court’s Order to Show Cause provided Appellant with notice that it was considering dismissal for failure to serve the Appellee. In response, Appellant filed an affidavit asserting that, because he was incarcerated, he had attempted to determine Appellee’s location by contacting Department of Correctional Services (“DOCS”) on a number of occasions. Athough the fact of incarceration entitles a plaintiff to rely on the United States Marshal’s Service to effectuate service, the plaintiff must provide the information necessary for the Marshal to serve the defendant. Cf. Romandette v. Weetabix Co., Inc., 807 F.2d 309, 311 (2d Cir.1986). However, Appellant was unable to provide the requisite information for the Marshal’s office to locate Appellee.
Moreover, in support of his assertion that he made repeated efforts to find Appellee’s location, Appellant provided only one letter in which DOCS indicated that it was unable to locate a “Mr. Phillips.” There is no indication that, between July 2005 and February 2007, Appellant made any other effort to locate Appellee. Appellant’s second request to DOCS to locate Appellee came in June 2007. The district court allowed Appellant additional time to effectuate service and did not dismiss the case until six months after Appellant submitted his affidavit and three months after his last request to DOCS. Yet Appellant was still unable to provide an address for Appellee. Mindful of the limits on a district court’s discretion to *608 dismiss a complaint under Rule 41(b), see Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir.2004), we find that there was no abuse of discretion in the district court’s dismissal of Appellant’s complaint or denial of Appellant’s motion to compel.
We have reviewed Appellant’s remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.