10-2038-pr
Mohammad v. NYSHESC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven.

PRESENT:    RALPH K. WINTER,
            ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
                *Circuit Judges.*

_____

Maher Fadel Mohammad,
                        *Plaintiff-Appellant*,

                    v.                                              10-2038-cv

New York State Higher Education Services Corporation, Jeffrey S. Doerr, Overton, Russell & Doerr, and Overton, Russell & Doerr,
                        *Defendants-Appellees*.

_____

FOR APPELLANT:                      Maher Fadel Mohammad, *pro se*, Brooklyn, N.Y.

FOR DEFENDANT-APPELLEE              Marion R. Buchbinder; Assistant Solicitor
NEW YORK STATE HIGHER              General (Barbara D. Underwood, Solicitor
EDUCATION SERVICES                 General, Michael S. Belohlavek, Senior
CORPORATION                        Counsel, Eric T. Schneiderman, Attorney
                                   General, New York, N.Y., *on the brief*)

FOR DEFENDANT-APPELLEE
JEFFREY S. DOERR and
OVERTON, RUSSELL & DOERR           Brian S. Strohl, Overton, Russell, Doerr &
FOR DEFENDANT-APPELLEE             Donovan, Clifton, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Maher Fadel Mohammad, proceeding *pro se*, appeals the district court's judgment dismissing his complaint regarding a default judgment resulting from his student loan. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Because Appellant's claims against defendant-appellees Overton, Russell & Doerr and Jeffrey S. Doerr were voluntarily dismissed, and Appellant may apply to reinstate his action against those defendants after further proceedings in the Albany County Supreme Court, to the extent that Appellant seeks review of the district court's order granting voluntary dismissal, we decline to address the merits of that ruling. *See Palmieri v. Defaria*, 88 F.3d 136, 140 (2d Cir. 1996) (finding that plaintiffs that receive voluntary dismissals generally cannot prosecute an appeal from the order of dismissal because such an appeal would constitute "an end-run around the final judgment rule").

Furthermore, the dismissal of the claims against defendant-appellee New York State Higher Education Services Corporation is affirmed. We review the dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, construing the complaint liberally and accepting all factual allegations in the complaint as true. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* However, even after *Twombly,* the district court remains obligated to construe *pro se* complaints liberally. *See Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009).

We review a district court's dismissal of a complaint on Rule 8 grounds for an abuse of discretion. *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (reviewing *sua sponte* dismissal pursuant to Rule 8 for an abuse of discretion). "[A] district court abuses its discretion when its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or . . . its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004) (quotation marks omitted). Rule 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must be sufficient to give the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Having conducted an independent review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned order.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3