12-3736-ag(L)
Ironbridge Corp. v. Comm'r

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand thirteen.

PRESENT:  REENA RAGGI,
               PETER W. HALL,
                   *Circuit Judges.*[*]

-------------------------------------------------------------------------

IRONBRIDGE CORP. AND SUBSIDIARIES, FKA PITT-DES MOINES, INC.,

            *Petitioner-Appellant*,

         v.

                                No. 12-3736-ag(L);
                                  12-3738-ag(CON)

COMMISSIONER OF INTERNAL REVENUE,

            *Respondent-Appellee*.

-------------------------------------------------------------------------

APPEARING FOR APPELLANT:        MICHAEL C. COHEN, De Castro, West, Chodorow, Mendler, Glickfield & Nass, Inc., Los Angeles, California.

APPEARING FOR APPELLEE:         TERESA T. MILTON (Gilbert S. Rothenberg, Robert W. Metzler, *on the brief*), Attorneys, Tax

---

[*] Because Judge Debra Ann Livingston, originally assigned to the panel, recused herself from this case, the remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

Division, *for* Tamara W. Ashford, Principal Deputy Assistant Attorney General, U.S. Department of Justice, Washington, D.C.

Appeal from decisions of the United States Tax Court (J. Robert Goeke, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal of the decisions entered on June 13, 2012, is AFFIRMED.

Petitioner Ironbridge Corp. ("Ironbridge"), formerly known as the Pittsburgh-Des Moines Steel Company, appeals from two Tax Court decisions charging it with a total of $44,075,776.80 in unpaid taxes and related penalties for the tax years 2001 to 2004. On this appeal, Ironbridge does not contest the deficiency calculations of the Internal Revenue Service ("IRS" or "Commissioner") that were the basis for its petition for redetermination in the Tax Court and that are incorporated within the challenged decisions. Rather, it faults the Tax Court only for refusing to stay trial on the redetermination petition in light of its principal James Haber's intent to assert his Fifth Amendment privilege against self-incrimination.

Whether to stay a civil proceeding due to Fifth Amendment concerns is a question firmly committed to the discretion of the trial court. See Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 100 (2d Cir. 2012). Thus, we will uphold the denial of a stay in such circumstances "absent demonstrated prejudice so great that, as a matter of law, it vitiates" or "gravely and unnecessarily prejudices" the movant's ability to protect his rights. Id. (stating that reviewing court's "role is only to assure that the district court's exercise of discretion was reasonable and in accordance with the law"). We assume the parties'

familiarity with the facts and the record of prior proceedings, which we discuss only as necessary to explain our decision to affirm.

1.    Jurisdiction

The Commissioner submits that Ironbridge cannot show the required prejudice to warrant reversal of the stay denial in this case. In any event, he argues that this court lacks jurisdiction to review that interlocutory ruling because, after the denial, Ironbridge procured a dismissal of its redetermination petition rather than continue litigation on the merits. See 28 U.S.C. § 1291 (limiting appellate jurisdiction generally to "final decisions" of district courts); 26 U.S.C. § 7482(a) (conferring jurisdiction on Courts of Appeals to review Tax Court decisions to "same extent as decisions of the district courts in civil actions tried without a jury"); see also Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 251, 275 (1988) (holding denial of stay not to be "final decision" under § 1291).

Upon a final decision, earlier rendered interlocutory orders typically "merge with the judgment for purposes of appellate review." Shannon v. Gen. Elec. Co., 186 F.3d 186, 192 (2d Cir. 1999) (observing that delaying appeal of interlocutory orders until final judgment advances "historic federal policy against piecemeal appeals" (internal quotation marks omitted)). No such merger is deemed to occur, however, when a final judgment dismisses an action for failure to prosecute the merits: "[I]f a party who was disappointed by an interlocutory ruling could obtain an appeal of that ruling by simply refusing to prosecute his or her lawsuit, adherence to the merger rule would reward that party for dilatory and bad faith tactics." Id. (internal quotation marks and alterations omitted).

3

The Commissioner does not dispute this court's jurisdiction to review the Tax Court's deficiency decisions, which were the necessary consequence of Ironbridge's election to dismiss its petition. See 26 U.S.C. § 7459(d) (stating that dismissal of redetermination petition "shall be considered" as Tax Court's "decision that the deficiency is the amount determined by the Secretary"); see generally Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (stating that "final decision" generally "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (internal quotation marks omitted)). Rather, he observes that Ironbridge does not challenge any aspect of those decisions; instead, Ironbridge seeks only to overturn the preceding denial of a stay. In arguing that this procedural ruling did not merge into the Tax Court's decisions, thus defeating jurisdiction here, the Commissioner draws an analogy to cases involving involuntary dismissals of non-tax disputes. See, e.g., Palmieri v. Defaria, 88 F.3d 136, 140 (2d Cir. 1996) (declining to hear challenge to preliminary evidentiary ruling by aggrieved party who had "expressly refused to proceed to trial"). He points us to no case, however, considering the effect of a voluntary dismissal of a petition for redetermination of a tax deficiency assessment on prior interlocutory orders. But see City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 141 (2d Cir. 2011) (refusing to entertain challenge to personal jurisdiction rulings by defendants who, in hope of "obtaining de facto interlocutory review over otherwise non-appealable decisions," promptly withdrew from litigation and induced default judgments against them).

4

Insofar as the merger rule is prudential, we need not conclusively decide whether the stay denial merged into the Tax Court's deficiency decisions pursuant to 26 U.S.C. § 7459(d) such that it became part of those appealable "final decisions," because that inquiry does not here implicate the Constitution's case or controversy requirement. See U.S. Const. art. III, § 2. Instead, we assume jurisdiction and address Ironbridge's stay challenge, which we conclude fails on the merits. See Ivanishvili v. U.S. Dep't of Justice, 433 F.3d 332, 338 n.2 (2d Cir. 2006) (reiterating that we may assume jurisdiction to deny meritless claim where "jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex").

2.    Denial of Stay

The law is generally disinclined to stay civil proceedings absent a party's showing that it will sustain undue prejudice or interference with the exercise of constitutional rights. See Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d at 97. Ironbridge does not complain that the denial of a stay interfered with the exercise of its constitutional right against self-incrimination; it has none. See Braswell v. United States, 487 U.S. 99, 105, 108 (1988) (reaffirming longstanding rule that "corporation has no Fifth Amendment privilege"). Rather, it contends that it was unduly prejudiced in proving an economic justification for the transactions generating its claimed losses by the inability to call its principal James Haber as a trial witness, given his intent to invoke his Fifth Amendment right against self-incrimination in light of pending criminal investigations.

5

We assume, without deciding, that Haber could invoke the Fifth Amendment to avoid testifying in the trial of Ironbridge's redetermination petition. We also presume that parallel civil and criminal proceedings can sometimes burden the exercise of the Fifth Amendment privilege against self-incrimination. See Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d at 97–98 (collecting cases). At the same time, however, we are mindful of precedent recognizing that the Constitution "rarely, if ever, requires" trial courts to grant stays of civil proceedings on that ground. Id. at 98 (emphasis in original). Thus, a trial court enjoys great latitude in granting or denying a stay based on its "studied judgment" of "the particular facts before it." Id. at 99.[1]

With these principles in mind, we cannot identify any abuse of that broad discretion here where the trial court observed that, even without Haber's testimony, Ironbridge could attempt to support its petition through the testimony of other employees not expected to invoke the Fifth Amendment, and through the offer of various transactional documents. Indeed, the record indicates that the IRS identified six such employees, all of whom were deposed. Further, the IRS proposed to stipulate to 260 paragraphs of facts, accompanied by

---

[1] We reject the suggestion that we scrutinize the stay decision more closely because Ironbridge has the burden of proof in Tax Court proceedings. In any case, "as long as a trial court considers the relevant factors and acts with moderation to accommodate both a litigant's valid Fifth Amendment interests and the opposing parties' needs in having the litigation conducted fairly, we will not disturb the measures used by that court in the exercise of its discretion." United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y., 55 F.3d 78, 85 (2d Cir. 1995); see id. at 83 (noting "dilemma" of civil forfeiture claimant who bears burden of proof in remaining silent or in offering potentially incriminating admissions).

130 exhibits. Because Ironbridge does not meaningfully contest either of these points or the Commissioner's contention that the economic reasonableness of relevant transactions could be further shown through expert witness testimony, it can hardly carry its burden to demonstrate that the denial of a stay caused it significant prejudice in pursuing redetermination simply by continuing to insist that Haber's self-serving testimony was vital to its case.[2]

Accordingly, the challenged deficiency decisions of the Tax Court, entered pursuant to 26 U.S.C. § 7459(d) after Ironbridge sought dismissal of its petition, are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] To the extent Ironbridge responds to the Commissioner's jurisdictional challenge by arguing that the interlocutory stay decision was case-dispositive in that it effectively dismissed Ironbridge's petition, see, e.g., Empire Volkswagen Inc. v. World-Wide Volkswagen Corp., 814 F.2d 90, 95 (2d Cir. 1987), that argument also fails in light of the Tax Court's conclusion that Ironbridge could pursue its petition based on available evidence apart from Haber's testimony, see Ali v. Fed. Ins. Co., --- F.3d ----, 2013 WL 2396046, at *3 (2d Cir. June 4, 2013) ("In order to qualify as an effective dismissal of the claim, the adverse ruling must have rejected the claim as a matter of law." (internal quotation marks and citations omitted)); Palmieri v. Defaria, 88 F.3d at 140 (refusing to honor exception to final decision rule where district court would not conclude that proof unaffected by adverse in limine ruling was insufficient to support movant's claim).

7